RICCI TYRRELL JOHNSON & GREY.
By: James W. Johnson (JJ4811)
1515 Market Street, Suite 700
Philadelphia, PA  19102
215 320-3260
jjohnson@rtjglaw.com

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT OF | : | Camden Vicinage |
| | : | |
| BB&T EQUIPMENT FINANCE CORPORATION | : | |
| AND | : | Civ. |
| VANE LINE BUNKERING, INC. | : | |
| | : | |
| AS TITLED OWNER OF THE BARGE DS-210 | : | |

Plaintiffs, BB&T Equipment Finance Corporation, as the owner of the barge DS-210 (hereinafter the "Vessel") and Vane Line Bunkering, Inc. as the owner of the Vessel *pro hac vice*, bring this action for exoneration from or limitation of liability in accordance with 46 U.S.C. §§30501-30512 (formerly 46 U.S.C. §§181-189) and allege upon information and belief as follows:

1.  This is a case of admiralty and maritime jurisdiction within the meaning of 28 U.S.C. §1331(1) and Rule 9(h) of the Federal Rules of Civil Procedure and is filed pursuant to Supplemental Rule F of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure, as hereinafter more fully appears

2.  Venue is properly laid in this district in accordance with Supplemental Rule F(9) of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure as the Vessel has not been attached or arrested and no suits to date have been commenced against the owners, or either of them.

3.   At all times relevant, Plaintiff BB&T Equipment Finance Corporation was a corporation organized and existing pursuant to the laws of the State of North Carolina with a principal place of business at 600 Washington Avenue, Suite 201, Towson, MD 21204 and was the registered owner of the Vessel.

4.   At all times relevant, Plaintiff Vane Line Bunkering, was a corporation organized and existing pursuant to the laws of the State of Maryland with a principal place of business at 2100 Franfurst Avenue, Baltimore, MD 21226 and was the owner *pro hac vice* manning, victualing and in operational control of the Vessel.

5.   The Vessel is a double skin motorless tank barge with official number 1170370.

6.   Plaintiffs used due diligence to make Vessel seaworthy, and she was, at all times relevant, tight, staunch, strong, and fully and properly manned, equipped and supplied and in all respects seaworthy and fit for he service in which she was engaged.

7.   On the evening of October 5, 2014 while the tug boat "Captain Dann" (hereinafter the "tug boat") was in the process of berthing the Vessel at Dock 1 at the Buckeye Terminal located in Pennsauken, New Jersey, the starboard bow of the Vessel came into contact with the pier structure causing damage thereto, the Vessel sustained minimal damage.

8.   The subject trip began on October 5, 2014 at Pier 124, Philadelphia, Pennsylvania with the tug "Captain Dann" assumed command and control of the Vessel and took her in tow.

9.   The Buckeye Terminal allegedly sustained damages as a result of the incident in excess of $15 million. This amount, in addition to any other claims that may be asserted

by other parties, will exceed the amount or value of the Plaintiffs' interest in the Vessel following the incident and her pending freight as hereinafter set forth.

10. The pending freight for the Vessel for the trip is $27,139.40, as indicated by the Affidavit completed by F. William Neubrand and attached hereto as Exhibit "A".

11. The value of the Vessel following the incident, based on the attached appraisal of her fair market value on October 5, 2104 is $5,500,000.00. A true and correct copy of the appraisal is attached hereto as Exhibit "B".

12. The amount or value of the Plaintiffs' interest in the Vessel following the incident, based on the attached appraisal of her fair market value on October 5, 2014, plus her then pending freight, does not exceed the sum of $5,527,139.40. This Complaint is filed within six months from the date of the incident and from the date of Plaintiffs first received written notice that the Buckeye Terminal is claiming damages in excess of the amount or value of the Plaintiffs' interest in the vessel and her pending freight.

13. The aforesaid incident was not due to any fault, neglect of want of care on the part of the Plaintiffs, the Vessel or anyone for whom the Plaintiffs may be responsible.

14. The aforesaid incident was occasioned and occurred without the privity or knowledge of the Plaintiffs.

15. Plaintiffs claim exoneration from liability for all losses, damages, injuries or destruction done, occasioned or incurred during the aforesaid trip and for all claims for damages that have been or may be hereafter be made. Plaintiffs allege that they have valid defenses thereto on the facts and on the law.

16. Plaintiffs further claim the benefit of limitation of liability provided in 46 U.S.C. §30501 *et seq.* (formerly 46 U.S.C. § 181 *et seq.*) and in the statutes supplemental thereto

and amendatory thereof, and to that end Plaintiffs, pursuant to Supplemental Rule F(1) of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure and the rules and practices of this Honorable Court, have deposited with the court, for the benefit of claimants, a sum equal to the amount or value of the Plaintiffs' interest in the Vessel and her pending freight in the form of an Ad Interim Stipulation for Value.

WHEREFORE, Plaintiffs pray that this Honorable Court:

1.  Issue an Order directing the issuance of a Notice to all persons claiming damages for any and all loss, damage, injury or death caused during or resulting from the aforesaid incident or trip, admonishing each of them to appear and make due proof of their respective claims, and also to appear and answer the allegation of this Complaint according to the law and practice of this Court on or before a certain time to be fixed by said Notice;

2.  Issue an Order directing that an injunction shall issue restraining the further prosecution of any and all actions, suits and legal proceedings to be commenced or already begun, if any, to recover damages from the Plaintiffs, or either of them, for any and all loss, damage, injury or death caused during or resulting from the aforesaid incident or trip and restraining the commencement or prosecutions thereafter of any such action, suit or legal proceeding of any nature or description whatsoever in any jurisdiction against the Plaintiffs. The Vessel or against any property of the Plaintiffs, except in this proceeding, to recover for damages for or in respect of any claim or claims arising out of the aforesaid incident or trip;

{1204.00015:00170673 }

3.   Adjudge and decree that the Plaintiffs are not liable to any extent, for any loss, damage, injury or death, or for any claim therefor in any way arising out of the aforesaid incident or trip;

4.   That is Plaintiffs, or either of them, should be adjudged liable to any extent in the premises, then such liability should be limited to the amount or value of the Plaintiffs' interest in the Vessel immediately following said incident and her pending freight, and that the Plaintiffs be discharged therefrom upon the surrender of said amount or value and that the money surrendered, paid or secured to be paid, as aforesaid, be divided *pro rata* according to he pertinent federal statutes among such claimants as may duly prove their claims in accordance with the aforesaid provisions, saving to all parties any priorities to which they may legally be entitled and that decree may be entered discharging the Plaintiffs and the Vessel from all further liability; and

5.   That the Plaintiffs may have such other, further and different relief as may be just and proper.


Dated: April 1, 2015

                                                  **RICCI TYRRELL JOHNSON & GREY**

                                                  By:      s/  James W. Johnson (JJ4811)
                                                  James W. Johnson (JJ4811)
                                                  Ricci Tyrrell Johnson & Grey
                                                  1515 Market Street, Suite 700
                                                  Philadelphia, PA 19102
                                                  (215) 320-3260
                                                  FAX: (215) 320-3261
                                                  jjohnson@rtjglawcom
                                                  Attorneys for Plaintiff BB&T Equipment
                                                  Finance Corporation and Vane Line
                                                  Bunkering, Inc.

## DECLARATION PER L.C.R. 11.2

Pursuant to Local Civil Rule 11.2 this matter is the subject of another action pending in this Court. In Re Dann Towing 1:15-cv-NLH-AMD, a Civil Complaint, was filed on behalf of Dann Towing Company and Dann Ocean Towing, Inc., as owners of the tug Captain Dann on March 3, 2015. I hereby declare, under I declare under penalty of perjury that the foregoing is true and correct. Executed on April 1, 2015.

Ricci Tyrrell Johnson & Grey
Attorneys for Plaintiffs

By: _____
James W. Johnson

## DECLARATION PER L.C.R. 201.1

I hereby declare under penalty of perjury that the amount in controversy will exceed $150,000.00 as set forth in Local Civil Rule 201.1 (d)(1) once all claims are filed and, therefore, this matter should not be subject to compulsory arbitration.

Ricci Tyrrell Johnson & Grey
Attorneys for Plaintiffs

By: _____
James W. Johnson

# Exhibit "A"

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

IN THE MATTER OF THE COMPLAINT OF      :      Trenton Vicinage

     :

BB&T EQUIPMENT FINANCE CORPORATION      :      Civ.

AND      :

VANE LINE BUNKERING, INC      :      **Declaration of**

     :      **F. William Neubrand**

F WILLIAM NEUBRAND declares as follows:

1. I am the Insurance Manager of Vane Line Bunkering, Inc. and in that capacity I am familiar with the freight pending for the barge DS-210 on October 5, 2014.

2. The freight pending for the barge DS-210 for the trip from Pier 124, Philadelphia, Pennsylvania to Dock No. 1, Buckeye Terminal, Pennsauken, New Jersey on October 5, 2014 was US$ 27,139.40

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Baltimore, Maryland on March 26, 2015.

F. William Neubrand

{1204.00015:00170775 }

# Vane Line Bunkering Inc.

2100 Frankfurst Avenue
Baltimore, MD 21226
410-631-7773  FAX: 410-631-7781

# Invoice

| | |
|---|---|
| **Invoice Number:** | 14I00499 |
| **Invoice Date:** | 10/7/2014 |

**Bill To:**

PBF HOLDING COMPANY LLC
ONE SYLVAN WAY
PARSIPPANY, NJ 07054

**Ship From:**  PBF Delaware City Refining Company
(Delaware City, DE)

**Ship To:**  Magellan Terminals Holdings LP
(Wilmington, DE)

| Customer PO | Ship Via | Customer Code | Terms |
|---|---|---|---|
| 971131/971132 | DS-210 | PBFHOL | WIRE 10 Days/DOD |

| Description | Cargo / Move | Qty | Unit Price | Unit | Total |
|---|---|---|---|---|---|
| Transferring | Gas RBOB | 13,912.660 | 0.0000 | /Bbl | $0.00 |
| Transferring | Gas PBOB | 14,098.850 | 0.0000 | /Bbl | $0.00 |
| Flat Delivery Charge | | | | / | $25,000.00 |
| Tow Req. P2872: DS-210/Magellan Terminals Holdings LP (Wilmington, DE) | | | | / | $939.40 |
| Line Handling - PBF Delaware City Refining Company - 10/05/2014 | | | | / | $1,200.00 |
| | | | **Total Due:** | | **$27,139.40** |

**Wire Transfer Information:**

Bank:            Bank of America
Routing ABA No :      026009593
Acct No:          006010051796
Acct Name: Vane Line Bunkering Inc.

**ACH Information:**

Bank:          Bank of America
Routing ABA No:       052001633
Acct No:         006010051796
Acct Name: Vane Line Bunkering Inc.

**Comments:**

# Exhibit "B"



**MARTIN OTTAWAY**

Marine Consultants, Engineers,
Surveyors, Naval Architects & Appraisers

*Founded in 1875*

March 19, 2015

Mr. James Johnson
Ricci Tyrrell Johnson & Grey
1515 Market Street, Suite 700
Philadelphia, PA 19102

Via Electronic Mail
JJohnson@RTJGlaw.com

Re:    **Barge "DS 210"**
       **Appraisal Report**
       **Valuation as of October 5, 2014**
       **Our Case No. WT-24894**

Dear Mr. Johnson:

Reference is made to the above-mentioned vessel and your request to provide an opinion on its value for legal purposes.  The requested valuation date is October 5, 2014.

The following report provides details of the company's background and experience with vessel valuations, details of the subject vessel, a description of the methodology used in arriving at the final appraised value, and supporting sources and documentation.

**FIRM BACKGROUND:**

Martin & Ottaway has conducted vessel valuations on all different types of craft ranging from recreational boats to ocean passenger liners since the firm's founding in 1875.

These appraisals have been for various concerns, including financing, investment, taxation, insurance, limitations of liability and general average purposes, etc.

Clients have been ship-owners, financial institutions, attorneys, governments, internal revenue services, and underwriters, to name a few. The firm has been accepted as one of the most reliable sources of vessel appraisals in U.S. Federal Courts and by the U.S. Government.

In order to be able to perform appraisals, Martin, Ottaway, van Hemmen & Dolan, Inc. maintains an appraisal database which contains practically every large ship sale in the world, and maintains up-to-date research files on ship repair and construction costs, charter rates, industry trends, regulatory requirements and their associated commercial effects and financing opportunities.

This appraisal data goes back to the late 1800's and has been used as a unique reference in complex ship finance and taxation issues.

Barge "DS 210"                                                          Our Case No. WT-24894



## VESSEL PARTICULARS:

The subject vessel is an un-manned, double hull tank barge with the following particulars noted:

| | |
|---|---|
| Name of Barge: | Double Skin 210 |
| Owners: | BB&T Equipment Finance Corp |
| | |
| Type: | Tank barge |
| Flag: | United States of America |
| Port of Registry: | Baltimore, MD |
| Official No.: | 1238206 |
| | |
| Gross Tonnage: | 1,754 |
| Net Tonnage: | 1,754 |
| Deadweight (summer): | 4,143 |
| Capacity: | 28,500 bbls |
| | |
| Length (overall): | 90.678 m |
| Breadth (extreme): | 16.459 m |
| Depth (molded): | 3.962 m |
| | |
| Builder: | Conrad Yard, LA |
| Date of Delivery: | May 30, 2012 |

The vessel is not classed.

The subject vessel's trading area limits as documented on the vessel's certificate are rivers, lakes, bays, and sounds.

## APPRAISAL:

Based on the cost approach, our opinion of the subject vessel's Fair Market Value is **US $5,500,000** as of October 5, 2014.

## APPRAISAL NARRATIVE:

Marine vessel appraisals may be carried out by one of three different appraisal methods; namely:

1. Comparable Sales/Offerings ("sales" approach)
2. Construction Cost Depreciated ("cost" approach)
3. Financial Analysis ("income" approach)

Generally, marine vessel appraisals are carried out using the comparable sales/offerings approach and/or construction cost depreciated approach. The financial analysis approach requires a large amount of financial information and is only used when sufficient historical data, such as income flows and related expenses, is provided to the appraiser. This information has not been made available and as such this methodology was not used.

2

Barge "DS 210"                                               Our Case No. WT-24894



In this case, the cost approach was used due to the available current construction cost information for the same type of barge.

The original construction yard has recently quoted the price of building a new vessel of the same type and size at $6,000,000. We depreciated this current construction cost by 3 years using straight line depreciation and a scrap value of $100,000 to arrive at our final appraised value of $5,500,000.

The sales approach was also considered, but due to the accuracy of the cost approach in this case, the cost approach was relied on for the final appraised value. However, we do note that a comparable vessel offering was found, which, when adjusted for age, was found to support the appraised value of the subject vessel using the cost approach.

## SPECIFIC REFERENCE MATERIAL:

1. Martin, Ottaway, van Hemmen & Dolan, Inc. vessel database
2. United States Coast Guard PSIX
3. Q88.com
4. Conrad Yard
5. Sun Machinery Corp.

## LIMITING CONDITIONS:

1. This is an appraisal report which was done for legal purposes. Supporting documentation concerning the data developed and the value calculation is retained in the appraisal file.

2. Values are statements of opinion. No guarantee can be given that opinions of value will be sustained or that they will be realized in actual transactions.

3. The value given in this appraisal is for the stated valuation date only, and only for the stated purpose.

4. The vessel was appraised on the premise that it was free and clear of all encumbrances, mortgage debt, and special liens.

5. Value is considered to be in cash. Contracts or charters, if any, are not considered in reaching the value.

6. We are unaware of any significant potential environmental hazards associated with this equipment other than normal on board fuel and lubes.

7. The value noted above is based on the unit's location at the time of the incident.

8. It is presumed that the vessel is in full compliance with all applicable international, federal, state or local regulations unless otherwise stated in the report.

Barge "DS 210"                                                    Our Case No. WT-24894



9.    No responsibility is assumed for latent defects of any nature that could have an effect on the equipment's value.  No determination of stability characteristics or inherent structural integrity has been made, and no opinion is expressed with respect thereto.

10.   This report was prepared for the client of record, as noted, in order to provide an opinion of value under an assumed set of circumstances as requested and mutually agreed upon by that client.  Any legal defense, court or deposition preparation related to it will be considered a new and separate assignment.

11.   This report was made by Martin, Ottaway, van Hemmen & Dolan, Inc. and will be considered as confidential.  Copies of this report will only be made available to other parties with prior written consent of the purchaser/owner of this report.  Any confidential information received in preparation of this report will be kept confidential.

12.   Information supplied by others that was considered and utilized in constructing this report is from sources believed to be reliable and no further responsibility is assumed for its accuracy.

## DEFINITIONS:

The definitions used in Martin, Ottaway, van Hemmen & Dolan, Inc. appraisal reports are based on those written in the American Society of Appraisers text, *Valuing Machinery and Equipment (Second Edition)*.

**Fair Market Value:**
The estimated amount, expressed in terms of money, that may reasonably be expected for a property in exchange between a willing buyer and seller with equity to both, neither under any compulsion to buy or sell, and both fully aware of all relevant facts as of a specific date.

**Cost Approach:**
One of the three recognized approaches used in appraisal analysis. The appraiser starts with the current replacement cost new of the property being appraised and then deducts for the loss in value caused by physical deterioration, functional obsolescence, and economic obsolescence. The logic behind this approach is the principle of substitution; a prudent buyer will not pay more for a property than the cost of acquiring a substitute property of equivalent utility.

**Depreciation (appraisal):**
The actual loss in value or worth of a property from all causes, including those resulting from physical deterioration, functional obsolescence, and economic obsolescence.

**Estimated Remaining Useful Life (RUL):**
The period over which an item or groups of items are estimated to remain in use.

**Income Approach:**
One of the three recognized approaches used in appraisal analysis. The appraiser determines the present value of the future economic benefits of owning the property.

Barge "DS 210"                                                    Our Case No. WT-24894



**Indexing:**
A method used to estimate current cost whereby a factor is applied to the historical cost of an item.

**Remaining Useful Life:**
The estimated period during which a property of a certain effective age is expected to actually be used before it is retired from service.

**Sales Comparison Approach:**
One of the three recognized approaches used in appraisal analysis. This approach involves the collection of market sales data pertaining to the subject assets being appraised. This approach is also known as the "market approach." The primary intent of the sales comparison approach is to determine the desirability of the assets through recent sales or offerings of similar assets currently on the market in order to arrive at an indication of the most probable selling price for the assets being appraised. The appraiser adjusts the prices that have been paid for assets comparable to the asset being appraised, equating the comparables to the subject.

**Scrap Value:**
The estimated amount, expressed in terms of money, that could be realized for the property if it were sold for its material content, not for a productive use, as of a specific date.

**Useful Life:**
The period over which property may reasonably be expected to perform the function for which it was designed.


## APPRAISER'S CERTIFICATION:

I certify that, to the best of my knowledge and belief:

1.    The statements of fact contained in this report are true and correct.

2.    The reported analyses, opinions, and conclusions are limited only by the reported assumptions and limiting conditions, and are my personal, impartial, and unbiased professional analyses, opinions, and conclusions.

3.    I have no present or prospective interest in the vessel that is the subject of this report, and no personal interest with respect to the parties involved.

4.    I have performed services, as an appraiser or in any other capacity, regarding the property that is the subject of this report within the three-year period immediately preceding acceptance of this assignment.

5.    I have no bias with respect to the property that is the subject of this report or to the parties involved with this assignment.

6.    My engagement in this assignment was not contingent upon developing or reporting predetermined results.

5

Barge "DS 210"                                                Our Case No. WT-24894



7.   My compensation for completing this assignment is not contingent upon the
     development or reporting of a predetermined value or direction in value that favors
     the cause of the client, the amount of the value opinion, the attainment of a stipulated
     result, or the occurrence of a subsequent event directly related to the intended use of
     this appraisal.

8.   My analyses, opinions, and conclusions were developed, and this report has been
     prepared, in conformity with the Uniform Standards of Professional Appraisal
     Practice.

9.   I have made an inspection of the property that is the subject of this report, on March
     11, 2015 while laden at Hog Island, Philadelphia, Pennsylvania.

10.  No one provided significant personal property appraisal assistance to the person
     signing this certification.

I, David Tantrum, hereby certify that, to the best of my knowledge and belief, the statements of
fact contained in this report are true and correct, and this report has been prepared using the
guidelines of the Uniform Standards of Professional Appraisal Practice of The Appraisal
Foundation and the Principles of Appraisal Practice and Code of Ethics of the American Society
of Appraisers.

Signed, and submitted without prejudice to rights and/or interests of whom it may concern,

MARTIN, OTTAWAY, van HEMMEN & DOLAN, INC.

David Tantrum

DT/hvh

**Attachments**:

1. David Tantrum CV
2. USCG CGMIX PSIX vessel details for subject vessel

6

# DAVID J. TANTRUM

## PROFESSIONAL EXPERIENCE

2008 – Present

Managing Director, MARTIN, OTTAWAY, van HEMMEN & DOLAN, INC.

1997 – 2008

Partner, MARTIN, OTTAWAY, van HEMMEN & DOLAN, INC.

Manager of surveying services U.S. and worldwide.

1989 - 1997

Engineering and Marine Consultant, MARTIN, OTTAWAY, van HEMMEN & DOLAN, INC.  Areas of specialization include forensic engineering, ship vetting surveys, mechanical systems and ship sales analysis, structural and mechanical system surveys, ship valuations and failure analysis.

Start-up management of satellite offices.

1988

Engineer, PB. TECHNIK, Berlin, West Germany.  Responsibilities included: Design, manufacture and installation of stainless steel and aluminum air conditioning ducting.

1983 – 1988

Operations supervisor (part time), Campus Oil, Ltd., New Ross, Ireland.  Responsibilities included: Vessel discharge supervision, tank farm gauging and calculations, fuel blending and tank truck loading.

## NOTABLE PROJECTS

Testified as an expert witness on Engineering and ship valuation matters in Federal Court on various occasions.

Consultant to the United States Government for evaluation of ship construction proposals under the Title XI program.

1

Consultant to various Shipowners with regard to vessel acquisition and life extensions on older vessels.

Failure analysis of all types of diesel engines and their associated equipment.

Inspection of laid-up Ro/Ro vessels and their evaluation for reactivation.

Coordination, management and actual survey of a fleet of vessels for a consortium of purchasers of a container shipping company, including future maintenance cost developments.

Design and implementation of a fire control system and safety plan for an oil storage terminal.

EDUCATION AND PROFESSIONAL QUALIFICATIONS

Certificate in Engineering Principles, Dublin Institute of Technology, Ballyfermot, 1985

Diploma of Mechanical Engineering, Bolton Street College of Technology, 1989

Bachelor of Science degree in Mechanical Engineering, Trinity College, Dublin, Ireland, 1989

Master in Arts, University of Dublin, Trinity College, Dublin, Ireland, February 2006

Metallurgical course at Materials Engineering Institute, 1993

Certified Qualified Individual for the Oil Pollution Act of 1990 and proven competent at the level of OSHA 24-Hour On-Scene Commander as per 29 CFR 1910.120(q) at Massachusetts Maritime Academy's Center for Marine Environmental Protection and Safety (1996)

Internal Auditor Training Course – Lloyd's Register of Shipping (2002)

Certificate in Maritime Security Training: Maritime Security Officer Training requirements of Parts A and B of the International Ship and Port Facility Security (ISPS) Code, ABS Consulting, Risk Consulting Division, January 2004

Lloyd's Register of Shipping Liquefied Natural Gas Ships Course, May 2005

Executive Management Program at Wharton School of Business, University of Pennsylvania (2007 / 2008)

Accredited Senior Appraiser, American Society of Appraisers

2

Memberships

Member of Institution of Engineers of Ireland
Member of American Welding Society
Member of the Society of Naval Architects and Marine Engineers
Associate Member of Association of Average Adjusters of the United States
Subscriber to the British Association of Average Adjusters
Member of the Society of Marine Port Engineers
Member of the Society of Marine Consultants
Member of NACE International
Member ASM International
Member of American Society of Appraisers


Technical Publications

"Velocity & Position Control of a Pneumatic Cylinder Using a Micro Computer" - Senior thesis, Bolton Street College

Author of paper, "The Reasonable Cost of Repairs", presented to the Association of Average Adjusters of the United States, October 1996

Author of paper, "Charterer's Legal Liability", presented to American Insurance Group, Chicago, June 3, 1999


| | |
|---|---|
| Languages: | English, Gaelic, fluent |
| | French, reading |
| Nationality: | Irish/British dual citizenship |
| | Permanently residing in the United States |


| | | |
|---|---|---|
| Address: | 172 Monmouth Street | Phone: (732) 224-1133 (office) |
| | Red Bank, NJ 07701 | (908) 568-7866 (mobile) |
| | | E-mail: dtantrum@martinottaway.com |

3



# United States Coast Guard
## Maritime Information eXchange
### Port State Information eXchange



| CGMIX Home | PSIX Home | Vessel Search | Vessel Contact Search | Definitions | Contact Us |

Skip Navigation



The Port State Information eXchange (PSIX) system contains vessel specific information derived from the United States Coast Guard's Marine Information Safety and Law Enforcement System (MISLE). The Information contained in PSIX represents a weekly snapshot of Freedom of Information Act (FOIA) data on U.S. flag vessels, foreign vessels operating in U.S. waters, and Coast Guard contacts with those vessels. Information on unclosed cases or cases pending further action is considered privileged information and is precluded from the PSIX system.

## Results for Vessel: *DOUBLE SKIN 210*

**Vessel Information:**

**Vessel Name:** DOUBLE SKIN 210
**VIN:** 1238206
**Hull Number:** H440
**Vessel Flag:** UNITED STATES
**Vessel Call Sign:**
**Build Year:** 2012

**Vessel Particulars:**

**Service:** Tank Barge
**Length:** 297.5 ft
**Breadth:** 54.0 ft
**Depth:** 13.0 ft
**Alternate VINs:** CG11625211238206,
**IMO Number:**

**Service Information:**

**Service:** In Service
**Out Of Service Date:** N/A
**Last Removed From Service By:** N/A

**Tonnage Information:**

**Deadweight:**
**Gross Tonnage(GRT):** 1754
**Net Tonnage(NRT):** 1754
**Gross Tonnage(GT ITC):**
**Cargo Authority:** FLAMMABLE /
COMBUSTIBLE AND SPECIFIED
HAZARDOUS CARGOES

### Featured Links

USCG Official Site
USCG FOIA Information
USCG Web Accessibility Policy
Vessel/Facility Security
Plan Review Status
PSIX FAQ/Help
Additional Links...

### Vessel Documents and Certifications

| Document | Agency | Date Issued | Expiration Date |
|---|---|---|---|
| CERTIFICATE OF DOCUMENTATION | USCG | November 26, 2014 | December 31, 2015 |
| Certificate of Inspection - Amended | USCG | May 30, 2012 | May 30, 2017 |
| Certificate of Inspection | USCG | May 30, 2012 | May 30, 2017 |
| Certificate of Inspection | USCG | May 30, 2012 | May 30, 2017 |
| Cargo Authority Attachment | | January 6, 2012 | |

### Summary of Coast Guard Contacts

| View Data From (MM/DD/YYYY): 3/17/2010 | To: 3/17/2015 | Submit |

Back to Top

Printer Friendly Version

**Last Update:**
Monday, March 16, 2015



**MARTIN OTTAWAY**

Marine Consultants, Engineers,
Surveyors, Naval Architects & Appraisers

*Founded in 1875*

March 19, 2015

INVOICE NO: 03-17715-DJT

**Barge "DS 210"**

Ricci Tyrrell Johnson & Grey
1515 Market Street, Suite 700
Philadelphia, PA 19102

Attention: Mr. James Johnson

Via Electronic Mail
JJohnson@RTJGlaw.com

**Our Case No: WT-24894**

# INVOICE

**Re:    Appraisal report - valuation as of October 5, 2014**

**FOR SERVICES:**    For professional services rendered mainly consisting of:

Initial instruction on March 10, 2015 from Mr. James Johnson of Ricci Tyrrell Johnson & Grey.

Arranging inspection of the Barge "DS 210" with Vane Brothers.

Travel from Red Bank, NJ to Vane Brothers' facility at City Dock, Philadelphia, on March 11, 2015.

Attending onboard the "DS 210" at Hog Island, Philadelphia on March 11, 2015.

Return travel to Red Bank, NJ on March 11, 2015.

Research for information pertaining to vessel appraisal.

Our appraisal report WT-24894 dated March 19, 2015.

**Barge "DS 210"**
**Our Case No. WT-24894**

March 19, 2015
Invoice No. 03-17715-DJT



FEE .................................................................. $2,700.00

**FOR EXPENSES:**   Local travel (188 miles), tolls, gas, meals, long distance
telephone and mobile phone charges, electronic
communications, LHWC and incidental expenses

EXPENSES.............................................................. $287.00

TOTAL AMOUNT OF INVOICE ............................................... $2,987.00

**Terms:**

**Payment due within 30 days.**
**In case of late payment, we reserve the right to charge interest.**

**Please remit payment by check to:**
**MARTIN, OTTAWAY, van HEMMEN & DOLAN, INC.**

**Payment by wire transfer:**
**Valley National Bank**
**1455 Valley Road, Wayne, NJ  07470**
**ABA # 021201383,**
**Account 011 078 200,**
**Swift Code # MBNYUS33**

**Federal Tax Identification Number:  22-3399946**