Ricci Tyrrell Johnson & Grey
By: James W. Johnson (JJ4811)
1515 Market Street, Suite 700
Philadelphia, PA 19102
(215) 320-3260
jjohnson@rtjglaw.com

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT OF | : | Camden Vicinage |
| | : | |
| BB&T EQUIPMENT FINANCE CORPORATION | : | Civ. |
| AND | : | |
| VANE LINE BUNKERING, INC | : | |
| | : | |

## AD INTERIM STIPULATION

WHEREAS, the above-named Plaintiffs, BB&T Equipment Finance Corporation, as titled owner, and Vane Line Bunkering, Inc., as owner *pro hac vice*, of the barge known as "DS-210", a non-propelled vessel, of steel construction with particulars of 297.5 feet x 54 feet x 13 feet is filing a Complaint for Exoneration from or Limitation of Liability for all losses and damages sustained during or resulting from the incident described in the Complaint; and

WHEREAS, Plaintiffs pray for an injunction restraining prosecution except in these proceedings of any and all actions, suits and proceedings against Plaintiffs and the DS-210 already begun, as well as any suit, action, or legal proceeding of any nature or description which might or could be instituted in the future against Plaintiffs or against the DS-210 or other vessels or property of Plaintiffs arising out of, during, or resulting from the incident at issue; and

WHEREAS, On or about April 1, 2015, BB&T Equipment Finance Corporation and Vane Line Bunkering, Inc. filed a Complaint for Exoneration from or Limitation of Liability in accordance with 46 U.S.C. ¶¶ 30505 and 30511, Civil Action 13-3671. The filing of the Complaint arose out of an accident which occurred on October 5, 2015 at which time the DS-210 was under bareboat charter to Vane Line Bunkering, Inc. as referenced in the Complaint now filed by Plaintiffs. At that time the DS-210 was under the navigational command and control of Dann Ocean Towing, Inc. and/or Dann Towing Company. The freight pending for the trip was $27,139.40. (Exhibit A). The amount or value of the Plaintiffs' interest in DS-210 following the incident, based on the attached appraisal of her fair market value on October 5, 2014 does not exceed the sum of $5,500,000.00. (Exhibit B). The total value of Plaintiffs' interest in DS-210 and her pending freight following the said incident is not more than $5,527,139.40.

WHEREAS Pursuant to Local Admiralty Rule and Maritime (f), the Plaintiffs and their stipulator, the Steamship Mutual Underwriting Association Limited, hereby consenting and agreeing to post for the purposes of bonding the amount of $250.00 for costs making $5,527,139.40 the total amount of security posted for all claims and costs.

NOW, THEREFORE, in consideration of the premises, and Plaintiffs, hereby freely submit themselves to the jurisdiction and Orders of this Court; and undertake to be firmly held and bound for the payment of $5,527,139.40, costs of $250, and interest at six percent (6%) per annum commencing from the date of the giving of this security. In the event that any claimants herein recover, judgment may be entered against the Plaintiffs and said surety for an amount not exceeding $5,527,139.40, plus interest at 6% per

annum and costs of $250, and thereupon execution may issue against their goods, chattels, lands and tenements or other real estate.

NOW, if Plaintiffs shall well and truly abide all orders, interlocutory or final, of the said Court and of an Appellate Court in which the said suit may hereafter be pending, and shall fulfill and perform the judgment or decree which may be rendered in the premises with interest, and also pay all costs and charges as shall be ordered and adjudged to be paid on its part, then this Stipulation shall be void; otherwise, it shall remain in full force and effect, and execution may issue by virtue hereof at one and the same time against the party to this stipulation. However, in any event the surety's aggregate limit of liability shall not exceed $5,527,139.40 costs of $250, and interest at 6% per annum.

FURTHER, this Stipulation shall become void in the event that a further bond or letter of credit is required by the Court.

The signing of this undertaking by James W. Johnson shall not be construed as being binding on Plaintiffs, on James W. Johnson personally, or on Ricci Tyrrell Johnson & Grey but is to be binding only upon The Steamship Mutual Underwriting Association Limited.

The Steamship Mutual Underwriting Association Limited

By: _____
James W. Johnson
Ricci Tyrrell Johnson & Grey
As attorney-in-fact for the above limited purpose only as per authority received under date of March 27, 2015.