UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT OF | : | |
| | : | |
| BB&T EQUIPMENT FINANCE CORPORATION | : | Case 1:15-cv-02313-NLH-AMD |
| | : | |
| VANE LINE BUNKERING, INC | : | |
| | : | |
| AS TITLED OWNER AND OWNER *PRO HAC VICE* OF THE BARGE DS-210 | : | **CLAIM AND ANSWER** |
| | : | |

NOW COME Dann Towing Company and Dann Ocean Towing, Inc. (collectively the "Dann Claimants") and make claim in Case 1:15-cv-02313-NLH-AMD against BB&T Equipment Finance Corporation and Vane Line Bunkering, Inc. ("Plaintiffs") as follows:

**CLAIM**

1. Claimant Dann Towing Company was at all times relevant and now is (i) a corporation duly organized and existing pursuant to the laws of the State of Florida with a principal place of business in Tampa, Florida and (ii) the registered owner of the tug CAPTAIN DANN.

2. Claimant Dann Ocean Towing, Inc. was at all times relevant and now is (i) a corporation duly organized and existing pursuant to the laws of the State of Florida with a principal place of business in Tampa, Florida and (ii) the disponent owner of the tug CAPTAIN DANN manning, victualing and in operational control of the tug.

3. On or about October 5, 2014 the Plaintiffs, or an authorized person acting on their behalf, ordered the tug CAPTAIN DANN to take the loaded barge DS-210 from Pier 124 in

Philadelphia, Pennsylvania to Dock No. 1 at the Buckeye terminal in Pennsauken, New Jersey for a 2100-hour arrival.

4. Neither Plaintiffs nor an authorized person acting on their behalf informed the claimants or the tug CAPTAIN DANN that the barge's arrival at Dock No. 1 could be delayed or that the barge was permitted to be berthed such that the port side of the barge, as opposed to the starboard side of the barge, was positioned parallel and against the dock.

5. While the tug was in the process of berthing the loaded barge DS-210 at Dock No. 1, the starboard bow of the barge came into contact with the pier structure causing damage thereto.

6. The aforesaid allision and resulting damages were not caused or contributed to by any fault, neglect or lack of care on the part of the Dann Claimants, or either of them, or any person or entity for whom they may be responsible, but were caused by the unseaworthiness of the barge DS-210, the failure of the Plaintiffs to furnish a seaworthy barge and/or the fault, neglect and lack of care of the Plaintiffs and/or those for whom Plaintiffs are responsible.

7. The owner of the Buckeye terminal and the insurer of Buckeye Partners, Ltd. have asserted claims or potential claims against the Dann Claimants for, as yet, unquantified damages allegedly sustained as a result of the aforesaid allision, but the amount of the claims are expected to be at least $13.7 million. In the event the Dann Claimants, or either of them, are held liable to a third party for allision damages, which liability is denied, the Dann Claimants are entitled to full recovery from the Plaintiffs by way of indemnity, or partial recovery by way of contribution or otherwise, with respect to the sum or sums that the Dann Claimants, or either of them, are obliged to pay to such third party or parties together with the costs and expenses

incurred by the Dann Claimants to defend themselves against such claims, including attorneys' fees.

WHEREFORE, the Dann Claimants present their claims against Plaintiffs in an aggregate amount to be determined, but expected to be at least $13.7 million, and pray that same be approved and allowed by this Honorable Court, with interest thereon and costs, and for such other and further relief as in law and justice they may be entitled to receive.

## **ANSWER**

Claimants Dann Towing Company and Dann Ocean Towing, Inc. in answer to the Plaintiffs' complaint in Case 1:15-cv-02313-NLH-AMD seeking exoneration from or limitation of liability, allege upon information and belief as follows:

1. Admit the allegations in paragraph "1" of the complaint.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "2" of the complaint.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "3" of the complaint.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "4" of the complaint.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "5" of the complaint.

6. Deny the allegations in paragraph "6" of the complaint.

7. Admit the allegations contained in paragraph "7" of the complaint, except deny that the Vessel (barge DS-210) sustained damage.

8. Deny the allegations in paragraph "8" of the complaint, except admit that the subject trip began on October 5, 2014 at Pier 124, Philadelphia, Pennsylvania when the tug CAPTAIN DANN took the barge DS-210 in tow.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "9" of the complaint, except admit that the Buckeye terminal allegedly sustained damages as a result of the incident.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "10" of the complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "11" of the complaint, except admit that the appraisal attached to the complaint states that the fair market value of the barge DS-210 is $5,500,000 as of October 5, 2014.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "12" of the complaint, except admit that Plaintiffs' complaint is filed within six months from the date of the incident (October 5, 2014).

13. Deny the allegations in paragraph "13" of the complaint.

14. Deny the allegations in paragraph "14" of the complaint.

15. As respects the allegations in paragraph "15" of the complaint: to the extent the allegations are statements of purpose, claims and allegations made by Plaintiffs, claimants are not required to and do not answer such allegations.  In further response to the allegations in paragraph "15", claimants deny that Plaintiffs are entitled to exoneration from liability for any loss, damage, injury or death occasioned by the allision incident or occasioned or incurred on the said trip and deny that Plaintiffs have valid defenses thereto on the facts or on the

law leaving all conclusions of law and findings of fact for determination by this Honorable Court at or prior to trial of this action.

16. As respects the allegations in paragraph "16" of the complaint: to the extent the allegations are statements of claims made and actions taken by the Plaintiffs, claimants are not required to and do not answer such allegations. In further response to the allegations in paragraph "16", claimants deny that Plaintiffs are entitled to the benefits of the limitation of liability provisions in 46 U.S.C. § 30501 *et seq.* (formerly 46 U.S.C. § 181 *et seq.*), in the statutes supplemental thereto and amendatory thereof, or pursuant to Rule F (1) of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure leaving all conclusions of law and questions of fact for determination by this Honorable Court at or prior to the trial of this action.

## **FIRST AFFIRMATIVE DEFENSE**

17. The aforesaid allision and resulting damages were not caused or contributed to by any fault, neglect or lack of care on the part of the Dann Claimants, or either of them, or any person or entity for whom they may be reasonable, but were caused by the unseaworthiness of the barge DS-210, the failure of the Plaintiffs to furnish a seaworthy barge and the fault, neglect and lack of care of the Plaintiffs and/or those for whom Plaintiffs are responsible, all within the privity and knowledge of the Plaintiffs. Plaintiffs, therefore, are not entitled to the relief sought herein.

## SECOND AFFIRMATIVE DEFENSE

18. At all times relevant to the trip and the allision described in Plaintiffs' limitation complaint, the barge DS-210 was engaged in the performance of a contract between Plaintiffs and claimant Dann Ocean that was personal to Plaintiffs in that Plaintiffs personally were bound to furnish a seaworthy barge, therefore, the aforesaid allision and resulting damages are exceptions to, and outside the matters within, the protections and benefits otherwise potentially available to Plaintiffs under the Shipowner's Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.* (formerly 46 U.S.C. § 181 *et seq.*) and all acts supplemental thereto and amendatory thereof.

WHEREFORE, claimants Dann Towing Company and Dann Ocean Towing, Inc. pray that (i) Plaintiffs in Case 1:15-cv-02313-NLH-AMD be denied exoneration from liability and the right to limit liability, (ii) the claims of the Dann Claimants in Case 1:15-cv-02313-NLH-AMD be allowed with interest and costs, and (iii) the court award the Dann Claimants such other and further relief as in law and justice they may be entitled to receive.

Dated: Hackensack, New Jersey
June 23, 2015

    NICOLETTI HORNIG & SWEENEY
    *Attorneys for Claimants*
    *Dann Towing Company and*
    *Dann Ocean Towing, Inc.*

By: /s/ Guerric S.D.L. Russell
    Guerric S.D.L. Russell
    505 Main Street, Suite 106
    Hackensack, New Jersey 07601
    Tel: (201) 343-0970
    Fax: (201) 343-5882
    E-mail: grussell@nicoletthornig.com
    (File No.: 80000330 JAVN/RWS)

TO:

RICCI TYRREL JOHNSON & GREY
James W. Johnson, Esq.
1515 Market Street, Suite 700
Philadelphia, PA 19102
Tel: 215-320-3260
E-mail: jjohnson@rtjglaw.com

## CERTIFICATE OF SERVICE

        I, Guerric S.D.L. Russell, an attorney admitted to practice in the Courts of the State of New Jersey and in this District, hereby certify that on June 23, 2015, I caused a copy of the foregoing CLAIM AND ANSWER to be electronically served through the courts CM/ECF system on the above-noted counsel of record and paper copies were served by mail on anyone not able to receive electronic service.

                                        /s/ Guerric S.D.L. Russell
                                             Guerric S.D.L. Russell

X:\Public Word Files\8\330\LEGAL\Docket No. 15 CIV 2313\CLAIM AND ANSWER (Consolidated Action).mar.doc