UNITED STATES DISTRICT COURT
for the DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In the Matter of the Complaint of | : | |
| BB&T Equipment Finance Corporation | : | CIVIL ACTION |
| and | : | |
| Vane Line Bunkering, Inc. | : | NO. 15-CV-2313 |
| As Titled Owner of the Barge DS-210 | : | |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS,
CERTAIN UNDERWRITERS, LED BY WESTPORT INSURANCE CORPORATION**

Certain Underwriters including Westport Insurance Corporation, Lead Underwriter, National Union Fire Insurance Company of Pittsburgh, XL Insurance Company, Liberty Insurance Underwriters, Allianz Insurance Company, Ironshore Insurance, MSP, SCOR UK, Zurich North America, HDI-Gerling, Markel, Validus and BH, by and through their counsel, Dugan, Brinkmann, Maginnis and Pace, hereby answer the action for exoneration from and limitation of liability by BB&T Equipment Finance Corp., and Vane Line Bunkering as titled owner of the Barge DS-210 as follows:

1. Admitted.

2. Admitted.

3. Admitted upon information and belief.

4. Admitted upon information and belief.

5. Admitted upon information and belief.

6. Denied as stated.  To the contrary, plaintiffs with privity failed to use due diligence to make the vessel seaworthy as plaintiffs with privity failed to hire and retain a competent towing company to properly and adequately tow the Barge DS-210,

7. Admitted.

8.   Admitted.

9.   Denied as stated. Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the matters asserted, and plaintiffs are left to their proof. By way of further answer, answering defendants have been notified of a claim of up to five million dollars being asserted by Buckeye Pennsauken Terminal LLC, the owner of the pier structure damaged by the Barge DS-210, for loss of income arising from the allision of the barge with the pier structure. Upon information and belief, it is admitted that all claims are likely to exceed the value of the vessel.

10.   Denied as stated. Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the matters asserted, and plaintiffs are left to their proof. Exhibit "A" is a writing that speaks for itself.

11.   Denied as stated. Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the matters asserted, and plaintiffs are left to their proof. Exhibit "B" is a writing that speaks for itself.

12.   Denied as stated. Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the value of the vessel; it is admitted that the complaint as filed within six months of the date plaintiffs received any notice of claim.

13.   Denied as stated. The plaintiffs with privity failed to hire and retain a competent tow for the Barge DS-210; failed to equip the Barge DS-210 with available equipment to permit the tow to properly berth the barge; failed to equip the Barge DS-210 with available equipment to protect the pier from any contract with or an allision by the Barge.

14. Denied as stated. The plaintiffs with privity knew or should have known the Barge DS-210 was not properly equipped to permit a safe berthing and knew or should have known that the Barge DS-210 was not adequately equipped to prevent damage to a pier with which it came into contact, or with which it could allide.

15. Denied as stated. Plaintiffs are not entitled to exoneration as the plaintiffs with privity failed to hire and retain a competent tow for the Barge DS-210; failed to equip the Barge DS-210 with available equipment to permit the tow to properly berth the barge; failed to equip the Barge DS-210 with available equipment to protect the pier from any contract with or an allision by the Barge, and the plaintiffs knew or should have known the Barge DS-210 was not properly equipped to permit a safe berthing and knew or should have known that the Barge DS-210 was not adequately equipped to prevent damage to a pier with which it came into contact, or with which it could allide.

16. Denied as stated. Plaintiffs are not entitled to limit their liability. It is admitted that an order has been granted accepting the *ad interim* stipulation for value.

WHEREFORE, answering defendants respectfully request that the Court deny plaintiffs' request for exoneration or limitation of liability.

                                                    DUGAN, BRINKMANN MAGINNIS & PACE


                                          By:      /s/ *Randy C. Greene*
                                                    Randy C. Greene, Esquire
                                                    Attorney for Claimants, Certain Underwriters

## CERTIFICATE OF SERVICE

I, Randy C. Greene, Esquire, do certify that a copy of the foregoing was served on all counsel by first-class mail, postage prepaid this <u>26th</u> day of June 2015, addressed as follows:

James J. Johnson, Esquire
Ricci Tyrrell Johnson & Grey, PLLC
Willow Ridge Executive Office Park, Suite 202B
750 Route 73 South
Marlton, NJ 08053

<u>/s/ *Randy C. Greene*</u>
Randy C. Greene, Esquire
Attorney for Claimants